```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 15 2018
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA       :

        - v. -                :

KEVIN TAYLOR,                  :
TIMOTHY BYNUM, and             :
WAKIEM JOHNSON,                :

      Defendants.              :

- - - - - - - - - - - - - - - - - X

INDICTMENT

18 Cr.

**18 CRIM 586**

**COUNT ONE**

**(Conspiracy to Commit Hobbs Act Robbery)**

The Grand Jury charges:

1. In or about April 2018, in the Southern District of New York and elsewhere, KEVIN TAYLOR, TIMOTHY BYNUM, and WAKIEM JOHNSON, the defendants, and others known and unknown, knowingly did conspire with others, known and unknown, to commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and would and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, TAYLOR, BYNUM, and JOHNSON, and others known and unknown, agreed to rob an individual who possessed prescribed medication containing oxycodone and United States currency in the Bronx, New York.

(Title 18, United States Code, Section 1951.)

**JUDGE CARTER**

**COUNT TWO**

**(Hobbs Act Robbery)**

The Grand Jury further charges:

2.   On or about April 19, 2018, in the Southern District of New York and elsewhere, KEVIN TAYLOR, TIMOTHY BYNUM, and WAKIEM JOHNSON, the defendants, and others known and unknown, knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, TAYLOR, BYNUM, and JOHNSON committed an armed robbery of an individual to obtain prescribed medication containing oxycodone and United States currency in the Bronx, New York.

(Title 18, United States Code, Sections 1951 and 2.)

**COUNT THREE**

**(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)**

The Grand Jury further charges:

3.   From at least on or about April 19, 2018 up to and including at least on or about April 25, 2018, in the Southern District of New York and elsewhere, KEVIN TAYLOR, TIMOTHY BYNUM, and WAKIEM JOHNSON, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire,

confederate, and agree together and with each other to violate the narcotics laws of the United States.

4. It was a part and an object of the conspiracy that KEVIN TAYLOR, TIMOTHY BYNUM, and WAKIEM JOHNSON, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

5. The controlled substance that KEVIN TAYLOR, TIMOTHY BYNUM, and WAKIEM JOHNSON, the defendants, and others known and unknown, conspired to distribute and possess with intent to distribute was mixtures and substances containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT FOUR

**(Possession with Intent to Distribute a Controlled Substance)**

The Grand Jury further charges:

6. On or about April 19, 2018, in the Southern District of New York and elsewhere, KEVIN TAYLOR, TIMOTHY BYNUM, and WAKIEM JOHNSON, the defendants, and others known and unknown, intentionally and knowingly distributed and possessed with the intent to distribute a controlled substance, and aided and

abetted the same, in violation of Title 21, United States Code, Section 841(a)(1).

7. The controlled substance involved in the offense was mixtures and substances containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Sections 812 and 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C); Title 18, United States Code, Section 2.)

## COUNT FIVE

### (Firearms Use, Carrying, and Possession)

The Grand Jury further charges:

8. From at least on or about April 19, 2018 up to and including at least on or about April 25, 2018, in the Southern District of New York and elsewhere, KEVIN TAYLOR, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, a conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846, as charged in Count Three of this Complaint, knowingly did use and carry a firearm and, in furtherance of such crime, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which was discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2.)

## COUNT SIX

### (Felon in Possession)

The Grand Jury further charges:

9.  On or about April 25, 2018, in the Southern District of New York and elsewhere, KEVIN TAYLOR, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess in and affecting commerce a firearm, to wit, a Ruger .380 caliber semi-automatic pistol, which had previously been shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Sections 922(g)(1) and 2.)

## FORFEITURE ALLEGATION

10.  As a result of committing the offenses alleged in Counts One, Two, Three and Four of this Indictment, KEVIN TAYLOR, TIMOTHY BYNUM, and WAKIEM JOHNSON, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

## SUBSTITUTE ASSETS PROVISION

11.  If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

*Geoffrey S. Berman*
GEOFFREY S. BERMAN
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA

v.

**KEVIN TAYLOR,**
**TIMOTHY BYNUM, and**
**WAKIEM JOHNSON**

Defendants.

---

INDICTMENT

18 Cr.

(18 U.S.C. §§ 922, 924, 1951, and 2; 21
U.S.C. §§ 812, 841, and 846.)

GEOFFREY S. BERMAN
United States Attorney

*[signature]*
Foreperson

---

8/15/18
KL

Filed Indictment

MJAaron
U.S.M.J

Case assigned to
Judge Carter